GAUDIN, Judge,
concurring.
This case concerns an attorney whose contingency fee contract was terminated after litigation was instituted but before final settlement.
The attorney in the instant matter, E. Howard McCaleb III, recorded his contract in accord with LSA-R.S. 37:218, and he asks us to follow the apparent dictates of the statute and declare the settlement null and void.
He had made the same request in the district court but the trial judge, in a well-reasoned opinion, said that LSA-R.S. 37:718 “. . . does not operate to prevent settlement of the claim where the client has discharged the attorney, retained another, and subsequently settled the case.”
We should have been just as explicit, although our suspension of the settlement— i. e., the enjoining of the distribution of funds — until Mr. McCaleb’s claim is determined and paid certainly protects his financial interest.
However, we do not say that the settlement is null and void; to the contrary, we recognize the validity and finality of the settlement and do not suggest or authorize renegotiation, even though the terms and condition of Mr. McCaleb’s contract may well be recognized and enforced by the trial judge and the client ultimately required to pay considerably more in attorney fees than he anticipated.